IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ESVIN GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>SEOUL GOOL DAE GEE INC.,<br><br>Defendant. | No._____ |

## COMPLAINT

1. Plaintiff brings this lawsuit for violations of the Fair Labor Standards Act ("FLSA") arising from Defendant's failure to pay Plaintiff's wages as required by the FLSA, including by not paying the required overtime rate for overtime work.

## THE PARTIES

2. Plaintiff Esvin Gomez was an employee of Defendants from approximately April 2014 through March 2019.

3. Plaintiff Gomez's principal duties were as a waiters' assistant, busboy, and janitor at Honey Pig restaurant, located at 7220-C Columbia Pike, Annandale, Virginia.

1

4. Defendant Seoul Gool Dae Gee Inc. operates a chain of restaurants named Honey Pig, of which the one in Annandale employed Plaintiff Gomez.

5. Defendant Seoul Gool Dae Gee Inc. was an employer of Plaintiff.

6. Defendant Seoul Gool Dae Gee Inc. is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

7. Defendant Seoul Gool Dae Gee Inc. is a company with employees involved in interstate commerce, including by regularly serving persons resident in Virginia and other states, by regularly buying food originating in Virginia and in other states from businesses in Virginia and in other states, by using interstate electronic means of transferring funds, including for the purposes of accepting credit card charges from its customers, and by regularly communicating from the company's Annandale restaurant to the company's offices located in Maryland for purposes of furthering its business.

8. It is the intention of this Complaint to include as Defendants in this Action any and all subsidiaries, agents or affiliates of Defendant Seoul Gool Dae Gee Inc. that employed Plaintiff.

9. Plaintiff and Defendant entered into a tolling agreement prior to the filing of this lawsuit

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case includes a claim that arises under federal law.

11. A substantial portion of the wrongful acts alleged in this Complaint occurred in the Eastern District of Virginia. Venue lies in this Court pursuant to 28 U.S.C. § 139.

## THE CONDUCT AT ISSUE

12. Plaintiff regularly worked at Defendants' establishment.

13. Plaintiff was a non-exempt Fair Labor Standards Act ("FLSA") employee. As such, he should have been paid at least $7.25 per hour for the first 40 hours that he worked, and then time-and-a-half for every hour over 40 that he worked.

14. During virtually every week of his employment Plaintiff regularly worked substantially more than forty hours in a workweek.

15. Plaintiff was not paid at a time and one half rate for the work he performed in excess of forty hours in a workweek.

16. Certain of Plaintiff's paystubs indicate that for each week he was paid at a specific hourly rate for a specified number of hours, including a specified number of overtime hours at a purported overtime rate.

17. However, as can be confirmed by time clock data for Mr. Gomez maintained by Defendant, there was no relationship whatsoever between the number of hours that Mr. Gomez actually worked in particular workweeks and the time that his paystubs purported to show that he had worked.

18. If a non-exempt employee is improperly paid a salary instead of on an hourly basis, as occurred in Plaintiff's case, that employee's "regular rate"—the rate used for calculating the employee's overtime rate—is determined for each pay period by dividing the amount paid by the number of hours worked (provided that the regular rate can never be lower than the minimum wage). The affected employee is then entitled to an overtime premium of 50% of that regular rate for each hour of overtime worked in any particular work week.

19. At some point during 2018 Defendant stopped providing conventional paystubs to Mr. Gomez and paid him with handwritten checks, apparently without any withholding for taxes, Social Security, or Medicare.

20. Defendant continued to pay Mr. Gomez on a salaried rather than an hourly rate even after they ceased providing conventional paystubs to Mr. Gomez

21. The obligation to pay overtime is well known in the business community and this obligation was known to Defendants who intentionally (or, in the alternative recklessly) failed to comply with it.

## CAUSES OF ACTION

22. Plaintiff seeks relief for the cause of action set out below.

## COUNT I
## VIOLATION OF FLSA (UNPAID OVERTIME)

23. The foregoing paragraphs are incorporated herein.

24. Defendant's conduct, in not paying Plaintiff at a time and one-half rate for hours worked in excess of forty during a workweek, violated 29 U.S.C. § 207, which requires that employees be paid at such a rate for such overtime work.

25. Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to damages of double the amount that should have been paid plus reasonable attorneys' fees and the costs and expenses of litigation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) An award of double the amounts Defendants should have paid Plaintiff pursuant to the FLSA that were not paid (including liquidated damages and unpaid wages);

b) An award to Plaintiff of reasonable attorneys' fees, expenses of litigation and costs of this action; and

c) Such further relief as the Court deems necessary and proper.

Dated: August 27, 2019                    Respectfully submitted,


                              By:  /s/ Matthew B. Kaplan
                              Matthew B. Kaplan
                              VSB No. 51027
                              The Kaplan Law Firm
                              1100 N. Glebe Road, Suite 1010
                              Arlington, VA 22201
                              Telephone: (703) 665-9529
                              Email: mbkaplan@thekaplanlawfirm.com
                              *Counsel for Plaintiff*

                              Lenore C. Garon
                              VSB No. 39934
                              Law Office of Lenore C. Garon, PLLC
                              2412 Falls Place Court
                              Falls Church, VA 22043
                              Telephone: (703) 534-6662
                              Email: lenore@lenorecgaron.com
                              *Counsel for Plaintiff*