**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| ESVIN GOMEZ ) )  Plaintiff, ) ) v. ) ) SEOUL GOOL DAE GEE INC., ) ) Defendant. ) ) | Civil Action No.  1:19-cv-01121-CMH-TCB  **DEMAND FOR JURY TRIAL** |

**ANSWER AND DEMAND FOR JURY TRIAL**

Defendant Seoul Gool Dae Gee Inc. ("Defendant"), by and through undersigned counsel, hereby answers the Complaint (the "Complaint") filed by Plaintiff Esvin Gomez ("Plaintiff" or "Gomez") as follows according to the numbering in Plaintiff's Complaint.  Any allegation not specifically and expressly admitted is hereby denied.

1. Paragraph 1 of the Complaint is an introductory paragraph stating legal conclusions to which no responsive pleading is required.  To the extent a response is required, the allegations are denied.

THE PARTIES

2. Paragraph 2 of the Complaint states legal conclusions insofar as the term "employee" refers to the legal term "employee" as defined under the Fair Labor Standards Act, and a responsive pleading, therefore, is not required.  To the extent a response is required, the allegations are denied.

3. Admitted.

4. Denied.

5. Paragraph 5 of the Complaint states legal conclusions insofar as the term "employer" refers to the legal term "employer" as defined under the Fair Labor Standards Act, and a responsive pleading, therefore, is not required. To the extent a response is required, the allegations are denied.

6. Defendant admits that its annual gross volume of sales made or business done is not less than $500,000. The remaining allegations in Paragraph 6 of the Complaint state legal conclusions to which no responsive pleading is required. To the extent a response is required as to these remaining allegations, the allegations are denied.

7. Paragraph 7 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

8. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff's intentions are. To the extent a response is required for the allegations in Paragraph 8, the allegations are denied.

9. Defendant admits that Plaintiff and Defendant entered into a tolling agreement prior to the filing of the Complaint. Any remaining allegations are denied.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

11. Paragraph 11 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

## THE CONDUCT AT ISSUE

12. Defendant admits that Plaintiff at times worked at an establishment owned and operated by Defendant. Any remaining allegations are denied.

13. Paragraph 13 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

14. Defendant admits that Plaintiff at times worked more than forty hours in a workweek when Plaintiff worked for Defendant. Any remaining allegations are denied.

15. Denied.

16. Defendant admits that paycheck stubs issued by Defendant to Plaintiff indicate a specific hourly rate for a specified number of hours, including a specified overtime rate for a specified number of overtime hours. Any remaining allegations are denied.

17. Denied.

18. Paragraph 18 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

19. Paragraph 19 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

20. Denied.

21. Denied.

## CAUSES OF ACTION

22. Paragraph 22 is an explanatory paragraph to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

## COUNT I
### VIOLATION OF THE FLSA (UNPAID OVERTIME)

23. Defendant incorporates its responses set forth above as if each were set forth herein.

24. Paragraph 24 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

25. Paragraph 25 of the Complaint states legal conclusions to which no responsive pleading is required. To the extent a response is required, the allegations are denied.

PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief for which Plaintiff prays and denies any allegations contained in Plaintiff's Prayer for Relief. Defendant denies each and every allegation in Plaintiff's Complaint except as specifically and expressly admitted herein, and Defendant reserves the right to amend this Answer and to assert additional defenses based upon further investigation and discovery.

**AFFIRMATIVE DEFENSES**

First Affirmative Defense: Plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted.

Second Affirmative Defense: Plaintiff's claims are barred by estoppel.

Third Affirmative Defense: Plaintiff's claims are barred by unclean hands.

Fourth Affirmative Defense: Plaintiff's claims are barred by waiver.

Fifth Affirmative Defense: Plaintiff's claims are barred in whole or in part by the statute of limitations.

Sixth Affirmative Defense: Plaintiff's claims are barred by release, ratification, and/or acquiescence.

Seventh Affirmative Defense: Defendant at all times acted in good faith and with reasonable grounds for believing it had not violated state or federal law.

Eighth Affirmative Defense: Plaintiff's claims are barred because he was exempt from any minimum wage and/or overtime requirements under the law.

Ninth Affirmative Defense:  Plaintiff's claims are barred because Defendant was not required under federal and/or state law to pay minimum and/or overtime wages, and/or Plaintiff was not otherwise covered under applicable federal and/or state laws requiring payment of minimum and/or overtime wages.

Tenth Affirmative Defense:  Plaintiff's claims are barred under the doctrine of avoidable consequences.

Eleventh Affirmative Defense:  Any damages sought by Plaintiff must be eliminated or reduced by his failure to mitigate damages.

Twelfth Affirmative Defense:  Defendant had no knowledge of, nor should it have had knowledge of, any alleged uncompensated work by the Plaintiff, and Defendant did not authorize, require, request, or permit such activity by Plaintiff.

Thirteenth Affirmative Defense:  Defendant did not commit any alleged violations of state or federal law willfully, and Defendant at all times acted in good faith with the reasonable belief that it was not acting in violation of state or federal law.

Fourteenth Affirmative Defense:  Plaintiff's claims are barred because Plaintiff failed to notify Defendant of the alleged statutory violations at the time such violations allegedly occurred, which prevented Defendant from taking any action to remedy such alleged violations.

Fifteenth Affirmative Defense:  Plaintiff's claims are in whole or in part *de minimis*.

Sixteenth Affirmative Defense:  Plaintiff's claims against Defendant are barred because Defendant is not an "employer" of the Plaintiff under applicable federal and state laws.

Seventeenth Affirmative Defense: Plaintiff's claims are barred in whole or in part based upon an offset of damages.

Defendant reserves the right to add additional affirmative defenses should it become aware of any such defenses during the course of discovery.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendant demands a trial by jury in this action for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court dismiss Plaintiff's claims with prejudice, enter judgment in favor of Defendant on Plaintiff's claims, order costs and attorneys' fees to be paid by Plaintiff, and such other and further relief as this Honorable Court deems just and proper.

Dated: September 30, 2019

    Respectfully submitted,
    Seoul Gool Dae Gee Inc.,
    By Counsel

    _____/s/_____
    J. Chapman Petersen, VSB #37225
        jcp@petersenfirm.com
    Won Y. Uh, VSB #92574
        wyu@petersenfirm.com
    Chap Petersen & Associates, PLC
    3970 Chain Bridge Road
    Fairfax, Virginia 22030
    Telephone:   (571) 459-2512
    Facsimile:    (571) 459-2307

    Peter K. Hwang *(application for pro hac vice admission pending)*
        phwang@sungandhwang.com
    Sung & Hwang LLP
    9256 Bendix Road, Suite 109
    Columbia, MD 21045
    Telephone:   (410) 772 2324
    Facsimile:    (410) 772 2328

    *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing was served via the Court's ECF system and/or by U.S. Mail, postage prepaid, this 30th day of September 2019 on:

Matthew B. Kaplan
The Kaplan Law Firm
1100 N. Glebe Road, Suite 1010
Arlington, Virginia 22201

Lenore C. Garon
Law Office of Lenore C. Garon, PLLC
2412 Falls Place Court
Falls Church, Virginia 22043

*Counsel for Plaintiff*

/s/
J. Chapman Petersen