IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| ESVIN GOMEZ, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 1:19-cv-01121 |
| SEOUL GOOL DAE GEE INC., | ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Plaintiff's Motion for an Award of Attorneys' Fees and Costs.

Plaintiff Esvin Gomez ("Plaintiff") is a non-English speaking individual of limited economic means and is not a U.S. citizen. For approximately five years, Plaintiff worked for Defendant Seoul Gool Dae Gee Inc. ("Defendant") in Defendant's Korean BBQ restaurant. In early 2019, Plaintiff hired attorneys Matthew Kaplan and Lenore Garon (jointly "Plaintiff's counsel") to investigate and litigate potential claims, relating to non payment of overtime wages. Plaintiff's counsel agreed to represent Plaintiff on a contingency basis and to litigate expeditiously, so that Plaintiff could return to his home country.

Between April and June of 2019, Plaintiff's counsel first discussed with Defendant their client's potential claims. During the pre-litigation negotiations that followed, two separate settlement letters were drafted. After negotiations failed, Plaintiff filed a Complaint on August 27, 2019, asserting violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Defendant then filed an Answer on September 30, 2019. On October 3, 2019, Plaintiff accepted an offer of judgment. This Court entered the judgment against Defendant on October 24, 2019, awarding Plaintiff $6,500. On November 11, 2019, Plaintiff's counsel filed a Motion for Attorneys' Fees and Costs; ten days later, Defendant responded with objections to that motion. Plaintiff's reply was filed on November 27, 2019. Plaintiff seeks to recover $13,429.59 for fees incurred by attorneys Mr. Kaplan and Ms. Garon as well as $400 for costs.

The prevailing party in an FLSA case is entitled to attorneys' fees. 29 U.S.C. § 216(b); Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984). The amount to be awarded, however, is within the discretion of the trial court. See Van Dyke v. Bluefield Gas. Co., 210 F.2d 620, 622 (4th Cir. 1954). When considering the appropriateness of attorneys' fees, a court must weigh twelve factors. Grissom v. The Mills Corp., 549 F.3d 313, 320-21 (4th Cir. 2008); Barber v. Kimbrell's, Inc., 577 F.2d

2

216, 226 (4th Cir. 1978), cert. denied, 439 U.S. 934 (1978). These factors include:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between the attorney and client; and (12) attorneys' fees awards in similar cases.

Barber, 577 F.2d at 226 n. 28; see also Hensley v. Eckerhart, 461 U.S. 424, 434 n. 9 (1983). A court considering the *Barber* Factors need not mechanically list or comment on each Factor, only those that are applicable. Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co.), 86 F.3d 364, 376 (4th Cir. 1996).

The Court finds that Factors one, three, four, five, six, seven, eight, nine, and twelve weigh in Plaintiff's favor. Each are addressed below. The remaining factors are either uncertain or inapplicable.

Beginning with Factor one, the Court finds that the time and labor expended weighs in Plaintiff's favor. This Factor is the first step in calculating the "lodestar" fee, that is "the number of hours reasonably expended on the litigation multiplied

3

by a reasonable hourly rate." Hensley, 461 U.S. at 433. The lodestar "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." Id. It is a "presumptively reasonable fee." Lyle v. Food Lion, Inc., 954 F.2d 984, 989 (4th Cir. 1992).

In computing reasonable hours expended, the fee applicant must reference contemporaneous billing records, while making a good faith effort to exclude excessive, redundant, or otherwise unnecessary hours. See Webb v. Bd. of Educ., 471 U.S. 234, 238 n.6 (1985); Hensley, 461 U.S. at 434. Plaintiff has supplied his litigation team's billing statements, which reflect entries specifically identifying amounts of time, tasks performed, and the costs allocated. Mr. Kaplan worked 19.933 hours; Ms. Garon worked 4.15 hours. In addition, a paralegal worked 12.25 hours. In total, Plaintiff's litigation team worked 36.3 hours on this matter.

Defendant argues the hours expended on this matter were excessive, specifically those entries relating to drafting one settlement letter. In addition, Defendant claims many entries are recorded in block billing form, a method that combines multiple tasks in one entry, thus preventing the Court from determining whether a reasonable number of hours was spent on specific tasks. However, the time credited to the specific settlement letter drafting is not excessive, but less than 2.5

hours. And an examination of the seventeen other entries Defendant claims to be block billed reveals that the entries contain a sufficient level of detail for the Court to find that they are reasonable. See Project Vote/Voting for Am. v. Long, 887 F. Supp. 2d 704, 716 (E.D. Va. 2012). Each entry cited contains elements of one individual task. By way of example, one entry for .2 hours holds the description "speaking to client" and "record notes of conversation." Having reviewed the specific time entries to which Defendant objects, the Court finds that it is able to determine the amount of time reasonably expended in this litigation. Contrary to Defendant's assertions, the record does not indicate excessive or unnecessary hours performed or billed. In short, the hours submitted are fair and reasonably necessary to the litigation.

With this determination of hours expended, the Court must then adduce a reasonable hourly rate. This component of the lodestar is determined by referencing the hourly rates in the legal community where the case is litigated. See Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 244 (4th Cir. 2009) (citing Plyler v. Evatt, 902 F.2d 732, 277 (4th Cir. 1990)); see also Virginia-Pilot Media Companies, LLC v. Dep't of Justice, 2016 U.S. Dist. LEXIS 106234 at *4 (E.D. Va. August 10, 2016). To this end, courts in the Eastern District of Virginia employ the *Vienna Metro* matrix. Entegee, Inc. v. Metters Industries,

Inc., No. 1:17-cv-499-CMH-MSN, 2018 U.S. Dist. LEXIS 121222 (E.D. Va. July 19, 2018) (citing Vienna Metro LLC v. Pulte Home Corp., 786 F. Supp. 2d 1090 (E.D. Va. 2011)); see BMG Rights Mgmt. (US) LLC v. Cox Commc'ns, Inc., 234 F. Supp. 3d 760, 770-73 (E.D. Va. 2017), vacated on other grounds by 881 F.3d 293 (4th Cir. 2018). The matrix's hourly rate calculation accounts for *Barber* "factors (3) skill required, (5) customary fee, (9) the experience, reputation, and ability of the attorney, and (12) fee awards in similar cases by providing a stable and consistent rate" for northern Virginia attorneys, "based on their skill in commercial litigation cases and years of experience." Entegee, Inc. v. Metters Industries, Inc., No. 1:17-cv-499-CMH-MSN, 2018 U.S. Dist. LEXIS 121222 (E.D. Va. July 19, 2018). According to the matrix, the appropriate hourly rates based on varying years of experience are as follows:

   a) 8-10 years of experience: $465-640

   b) 11-19 years of experience: $520-770

   c) 20+ years of experience: $505-820

   d) Paralegal: $130-350

Id.; Taylor v. Republic Servs., No. 1:12-cv-00523, 2014 U.S. Dist. LEXIS 11086, at *14 (E.D. Va. January 29, 2014); see Vienna Metro, LLC v. Pulte Home Corp., No. 1:10-cv-00502, 2011 U.S. Dist. LEXIS 57157 (E.D. Va. May 25, 2011).

Plaintiff seeks fees for time logged by three individuals. The following attorneys and paralegal spent time working on the case, and their experience and hourly rates are outlined below:

a) Mr. Kaplan; approximately sixteen years; hourly rate $495

b) Ms. Garon; over forty years; hourly rate $460

c) Paralegal; hourly rate $135

The hourly rates proposed by Plaintiff's counsel are below the rates approved in *Vienna Metro*. Both attorneys who worked on this case have extensive experience litigating in federal courts and in employment matters. Mr. Kaplan has worked as a litigation attorney for two major national law firms, focusing his practice on complex plaintiff-side litigation in federal court, in addition to years spent working as an analyst for the Central Intelligence Agency and the Department of State. Ms. Garon has practiced law for over four decades, including service as a trial attorney with the U.S. Department of Justice and the Federal Trade Commission. The attorneys were equipped to develop their theory and present the necessary evidence in a strategic manner, skills that ultimately allowed this matter to be resolved quickly and greatly reduced the attorney time that otherwise would have been devoted to the case.

Defendant objects to the lodestar calculation asserting that Factor 3 weighs against Plaintiff. Because the case was resolved by an offer of judgment within a few days of

Defendant's Answer, no discovery was conducted, and no substantive motions were filed. Defendant argues that the skill required to properly perform the legal services rendered was minimal. But in fact, this case was not resolved in a few days as Defendant states. The attorneys began work on April 2, 2019, when they first advised Defendant of Plaintiff's potential claim. While formal discovery was never undertaken, preparation for filing and subsequently settling the FLSA case required some level of informal discovery. This required work is reflected in Plaintiff's billing statements submitted to this Court. Defendant's suggested adjustment to the lodestar would unfairly punish attorneys for speedily resolving and settling a matter in which they had invested some significant hours of time.

Defendant further asserts that a certain fee amount should be subtracted from the lodestar for hours spent on a claim Plaintiff did not include in the Complaint. Courts should "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Johnson v. City of Aiken, 278 F.3d 333, 337 (4th Cir. 2002). The specific entry in question references research regarding potential claim for filing false information with the Internal Revenue Service. It was the obligation of Plaintiff's counsel to consider whether Plaintiff had other potential claims besides the FLSA violations alleged in the final Complaint. The service was necessary and the time

8

dedicated was minimal, only 2.7 hours. Defendant's objection, therefore, is insufficient to overcome the presumptively reasonable lodestar calculation. Accordingly, this Court finds that Factors three, five, nine, and twelve weigh in favor of Plaintiff.

Applying the hours and rates now established, the lodestar calculation is as follows. Mr. Kaplan worked 19.933 hours at a rate of $495 per hour, for a total of $9,866.835. Ms. Garon worked 4.15 at a rate of $460 per hour, for a total of $1,909. Lastly, a paralegal worked 12.25 hours at a rate of $135, for a total of $1,653.75. In total, the lodestar is the amount Plaintiff requests, a total of $13,429.59.

With these Factors considered, the Court evaluates the lodestar calculated with the other Factors to determine whether the fee should be adjusted upward or downward. <u>Hensley</u>, 461 U.S. at 434. Factor four, the preclusion of employment by the attorney due to acceptance of the case, weighs in Plaintiff's favor. Mr. Kaplan is a solo practitioner who dedicated considerable time to this case. Ms. Garon also spent time on this case that she may have devoted to many other legal matters. On the contingency fee basis, the attorneys might not receive compensation for this work but necessarily were required to forgo other opportunities for profitable work. In this light, Factor 4 weighs in favor of Plaintiff.

The Court finds that Factor six, whether the fee is fixed or contingent, weighs in Plaintiff's favor. Mr. Kaplan and Ms. Garon agreed to represent Plaintiff on a fully contingent basis and have paid all Plaintiff's costs up front. Counsel would receive no compensation for this matter other than that awarded by this Court.

Factor seven, the time limitation imposed by the client or the circumstances, weighs in Plaintiff's favor. Resolution of this matter was time sensitive because Plaintiff desired to leave the United States as soon as possible, to return to his home country. Therefore, Plaintiff's counsel were required to litigate this case expeditiously.

The Court finds that Factor eight, the results obtained, weighs in Plaintiff's favor. Plaintiff's counsel achieved the results expected by their client, recovering Plaintiff's overtime pay. Plaintiff may have obtained a larger recovery had the case gone to trial. However, there was also the possibility that the Court or jury might have awarded Plaintiff less than he is now recovering or entirely rejected Plaintiff's theory of liability. Defendant argues that Plaintiff achieved only a minimal degree of success, as reflected by the prior settlement demands made by Plaintiff's counsel. This argument relies upon proposals made during settlement negotiations, which is impermissible under Federal Rule of Evidence 408(a). In

addition, the cases cited by Defendant differ from the facts here; those cases involved settlement proposals utilized to determine whether the plaintiff's attorney sought to unfairly inflate his fees buy protracting litigation, not to determine the value of the case itself. See Nelson v. Cowles Ford Inc., 77 Fed. Appx. 637, 644 (4th Cir. 2003); see also E.E.O.C. v. Nutri/System, Inc., 685 F. Supp. 568 (E.D. Va. 1988). Factor eight and, therefore, all other relevant Factors weigh in favor of Plaintiff.

The Court next moves to the Bill of Costs. Plaintiff seeks only $400, recovery for the filing fee, pursuant to Federal Rule of Civil Procedure 54(d)(1). Defendant does not object to this request. Therefore, this Court finds that $400, taxable cost of the filing fee, should be awarded to Plaintiff.

For these reasons mentioned, the Court concludes that Plaintiff is entitled to all attorneys' fees, $400 of the taxable costs. An appropriate order shall issue.

*/s/ Claude M. Hilton*
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 21, 2020